Docket & File

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GARY VERDONIK,

                        Plaintiff,

                **Report and Recommendation**

-against-

                10-CV-312 (CBA) (JMA)

DANIEL GRILLO and FESTUS A. SOLESI,

                        Defendants.
----------------------------------------------------------------X

APPEARANCES:
Glenn D. McGogney
2239 PA Route 309 First FL.
Orefield, PA 18069
(610) 398-5398
    *Attorney for Plaintiff*

**AZRACK, United States Magistrate Judge:**

Plaintiff brings this action against defendants pursuant to 28 U.S.C. § 1332. For the reasons set forth below, I respectfully recommend that the Court sua sponte dismiss plaintiff's complaint for failure to prosecute and failure to comply with an order from the Court.

I.    Background

Plaintiff commenced this action on February 27, 2009, in the Eastern District of Pennsylvania. (See Dkt. No. 1.) By order dated December 22, 2009, venue was declared improper in the Eastern District of Pennsylvania and the case was transferred to the Eastern District of New York. (See Dkt. No. 2, 3.) Prior and subsequent to the venue change, the docket indicated that defendant was neither served nor made an appearance. By order dated January 26, 2010, an initial conference was scheduled before Magistrate Judge Azrack for March 1, 2010, at 1:00 p.m. (Dkt. Entry, 1/26/10.) On March 1, 2010, both counsel failed to appear. (See Dkt. No. 5.) That same day, the Court left a message with plaintiff's counsel's secretary, directing

counsel to contact the Court to reschedule the conference. Counsel failed to contact the Court. The Court again directed plaintiff's counsel to contact Chambers to reschedule the initial conference. (See Dkt No. 5.) The Court warned that failure to contact Chambers may result in a recommendation to the District Judge to dismiss the case for failure to prosecute. (Id.) On March 17, 2010, the Court left a message with plaintiff's counsel's secretary asking counsel to contact the court. On March 31, 2010, the Court again left a message with plaintiff's counsel's secretary asking counsel to contact the court.[1] On April 5, 2010, the Court left a voicemail on counsel's office phone, warning that if counsel did not contact the Court by April 9, 2010, the case would be dismissed. To date, counsel has failed to contact the Court. No action has occurred on the docket since February 2009.

II. Discussion

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of

---

[1] The multiple times that the Court asked to speak to plaintiff's counsel, the Court was told that counsel was "unavailable."

lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, over thirteen months have elapsed since plaintiff first filed his complaint. Plaintiff has failed to effect service upon the defendants and has failed to comply with the Court's multiple orders to contact Chambers. The Court warned plaintiff that failure to contact the Court would result in the dismissal of the case. Plaintiff's failure to comply with the Court's orders further constitutes grounds for dismissal. Fed. R. Civ. P. 41(b); see also Fed. R. Civ. P. 16(f) ("If a party fails to obey a scheduling or pretrial order the judge, upon motion in the judge's own initiative, may make such orders with regard thereto as are just."). Accordingly, I recommend that plaintiff's failure to prosecute and noncompliance result in the dismissal of this action.

III. Conclusion

For the foregoing reasons, I respectfully recommend that the instant action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: April 16, 2010
Brooklyn, New York

s/Hon. Joan M. Azrack
_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE